UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEN-TREI FERTILIZER
COMPANY, L.L.C.,

    Plaintiff,

v.                          CASE NO. 8:08-CV-2391-T-17MAP

KEYTRADE NORTH AMERICA,
INC.,

    Defendant.

_____/

ORDER

This cause is before the Court on:

    Dkt. 18  Motion for an Order Directing Arbitration
              Pursuant to Sec. 4 of the Federal Arbitration Act
    Dkt. 21  Opposition
    Dkt. 24  Motion to Compel Arbitration
    Dkt. 26  Opposition

This case is a Complaint to Stay Arbitration, and to Compel Arbitration. This case arises from a commercial dispute in which Plaintiff and Defendant agree that the parties agreed to arbitrate any dispute. However, Plaintiff believes the parties agreed to arbitrate any dispute pursuant to the Rules of the American Arbitration Association (Dkt. 1, Exhibit B). Defendant believes the parties agreed to arbitrate any dispute in New York before three arbitrators (Dkt. 1, Exhibit A).

I. Exhibit A - Keytrade Sales Contract

   Keytrade Sales Contract KTS US 200830057, dated July 17, 2008, provides in pertinent part:

Case No. 8:08-CV-2391-T-17MAP

> The general maritime law of the United States shall govern this contract.
>
> Any dispute, controversy or claim arising out of or relating to this contract, or the breach, termination, validity thereof, shall be referred to arbitration by three persons in New York, one to be appointed by the seller, one to be appointed by the buyer and the third by the two so chosen, who shall be the Chairman. Unless otherwise agreed, the arbitrators shall be commercial men. The second arbitrator must be appointed within twenty days of the appointment of the first arbitrator, failing which the first appointed arbitrator shall become the first arbitrator.
>
> ......
>
> Note: Retention of this contract without written response, within 5 business days of contract date, shall constitute acceptance of all terms and conditions. In the event of any inconsistency between Buyer's and Seller's contract, Seller's contract shall govern.

Keytrade's Sales Contract is signed by a representative of Keytrade North America, Inc. The Sales Contract includes provisions identifying buyer, seller, product, quality, price, quantity, shipment, payment, documents, equipment, demurrage, miscellaneous, inspection, force majeure, choice of law and arbitration, Incoterms, and a special condition.

II. Exhibit B - Ben-Trei Purchase Contract

Ben-Trei Purchase Contract PD 2545-09 provides, in pertinent part:

**APPLICABLE LAW:** This Contract shall be governed by the laws of the State of Oklahoma, United States of America, without regard to its provisions as conflict of laws. The parties specifically exclude application of the United Nations Convention on Contracts for the Sale of Goods. If any provision hereof be held invalid or unenforceable, the remaining provisions shall be nonetheless valid.

**ARBITRATION:** The parties agree that each will in good faith attempt to resolve any controversy or claim arising out or related to this agreement promptly through negotiations between authorized representatives of Seller and Buyer within ninety (90) days of such claim or written notice of dispute. Should such negotiations not resolve such claim or dispute within such period, such claim or dispute shall be finally settled under the Rules of the American Arbitration Association by one or more arbitrators appointed in accordance with the Rules thereof, and whose decision will be binding upon both parties. The arbitration proceedings, if any, shall be conducted solely in the English language, including any documentation supplied by the parties in connection therewith. Application may be made to any court for confirmation of any award rendered in any arbitration proceeding having jurisdiction over the parties for a judicial acceptance of such award and for an order of enforcement or other legal remedy as the case may be. The arbitration proceedings shall be conducted in the City of Tulsa, Oklahoma, United States of America. Consent is hereby given to the jurisdiction of any court regarding any matter arising out of such arbitration or the enforcement of any such award. The arbitral award shall be final and binding upon both parties. Application may be made to any court for confirmation or enforcement of any such award

>having jurisdiction over the party against
>whom such enforcement is sought.  Each party
>represents that any such arbitral award shall
>be enforceable against it under the laws of
>its domicile.
>
>.....
>
>**SPECIAL CONDITIONS:**
>
>**.....**
>
>C.  Buyer's contract shall govern.

The General Terms and Conditions of the Purchase Contract include an integration clause, in addition to provisions as to shipping terms, warranty, inspection, applicable law, arbitration, notices, damages and special conditions.  The specific terms include terms which specify: product/packaging, specifications, quantity, shipping period, price, shipping terms, risk of loss/insurance, payment terms, documents, weights/analysis, and a term specifying that the agreement consists of the specific terms and the general terms and conditions.  The Purchase Contract is signed by a representative of Ben-Trei Fertilizer Company, L.L.C.

III.  Dkt. 18 Motion for an Order Directing Arbitration Pursuant
           to Sec. 4 of the Federal Arbitration Act


A.  Keytrade's Motion


 Defendant Keytrade moves for an order directing Plaintiff to proceed to arbitration in accordance with the agreement between the parties.  Defendant Keytrade argues that Plaintiff is attempting to force Defendant to participate in an arbitration

4

Case No. 8:08-CV-2391-T-17MAP

proceeding provided for in a contract to which Defendant Keytrade is not a party, and is urging the Court to abrogate its statutory power in favor of the American Arbitration Association, which the Federal Arbitration Act is designed to prevent. Defendant Keytrade argues that it is the prerogative of the Court to determine arbitrability and to order a party to proceed according to its agreement. Defendant Keytrade argues that the sole issue before the Court is what arbitration clause governs this dispute. Defendant Keytrade argues that the AAA proceeding in Tampa, Florida was commenced pursuant to the Gavilon Purchase Contract, not any contract Plaintiff had with Defendant Keytrade, and Keytrade did not agree with Plaintiff to arbitrate in Tampa.

B. Ben-Trei's Response

Plaintiff Ben-Trei Fertilizer Company, L.L.C. responds that the Court should deny Defendant Keytrade's Motion because: 1) the parties agree that this matter is arbitrable; 2) Ben-Trei selected the AAA in its contract, and the Keytrade contract does not specify which tribunal was to conduct the arbitration, rendering arbitration before the AAA consistent with the documents exchanged between Plaintiff and Defendant; 3) any question as to procedural aspects of the arbitration, including questions of consolidation, should be submitted to the arbitrator; and 4) any question as to location of the arbitration should be submitted to the arbitrator.

C. Discussion

Title 9 U.S.C. Sec. 2 provides that:

5

Case No. 8:08-CV-2391-T-17MAP

> "A written provision in any maritime transaction or a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction is valid, irrevocable and enforceable."

The transaction at issue is a maritime transaction and a transaction involving commerce, and therefore controlled by the provisions of the Federal Arbitration Act. The Court recognizes the liberal federal policy favoring arbitration agreements. The FAA requires the Court to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms. Volt Info. Sciences, Inc. v. Bd. Of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989).

1. Did the parties agree to arbitrate?

In this case, neither party signed the other party's agreement. Each agreement contains a broad provision requiring arbitration. The determination of whether the written provisions establish an agreement to arbitrate is a question of federal law. Title 9 U.S.C.A., Prima Paint v. Flood & Conklin Mfg., 388 U.S. 395, 403-404 (1967).

After consideration of the provisions of the parties' agreements, the Court finds that the Plaintiff and Defendant agreed to arbitrate any dispute arising of this transaction, despite the differences between the provisions.

In Chastain v. The Robinson-Humphrey Company, Inc., 957 F.2d 851, 854 (11th Cir. 1982), the Eleventh Circuit Court of Appeals states:

Case No. 8:08-CV-2391-T-17MAP

> Under normal circumstances, an arbitration provision within a contract admittedly signed by the contractual parties is sufficient to require the district court to send any controversies to arbitration. Under such circumstances, the parties have at least presumptively agreed to arbitrate any disputes, including those disputes about the validity of the contract *in general*. Because the making of the arbitration agreement *itself* is rarely in issue when the parties have signed a contract containing an arbitration provision, the district court usually must compel arbitration immediately after one of the contractual parties so requests. The calculus changes when it is undisputed that the party seeking to avoid the arbitration has not signed any contract requiring arbitration. In such a case, that party is challenging the very existence of any agreement, *including the existence of an agreement to arbitrate*. Under these circumstances, there is no presumptively valid general contract which would trigger the court's duty to compel arbitration pursuant to the Act. If a party has not signed an agreement containing arbitration language, such party may not have agreed to submit grievances to arbitration at all. Therefore, before sending such grievances to arbitration, *the district court itself* must first decide whether or not the non-signing party can nonetheless be bound by the contractual language. In cases of this type...[t]o make a genuine issue entitling the party seeking to avoid arbitration to a trial by jury on the arbitrability question, an unequivocal denial that the agreement had been made is needed and some evidence should be produced to substantiate that denial.

In Wheat, First Sec., Inc. v. Green, 993 F.2d 814, 818 (11th Cir. 1993), the Eleventh Circuit Court of Appeals states "[T]he party seeking to avoid arbitration must unequivocally deny that

7

an agreement to arbitrate was reached and must offer some evidence to substantiate the denial." The party seeking to avoid arbitration must create a genuine issue of fact presenting "enough evidence to make the denial colorable." Chastain, 957 F.2d at 855.

In this case, the Court has found that the parties agreed to arbitrate, based on the record before the Court. Although some contractual details are disputed, an evidentiary hearing is not necessary to resolve the existence of the parties' agreement to arbitrate.

As to the forum selection provisions of each agreement, the agreements are mutually exclusive. One agreement provides for arbitration in Tulsa, Oklahoma before the American Arbitration Association, and the other provides for arbitration in New York, specifying a method to select arbitrators but no controlling rules. The parties therefore did not agree as to the forum for arbitration, and elected to leave this issue open. The parties have attempted to resolve this issue in mediation, but have not done so. In the absence of a term specifying location, the Court will direct arbitration to proceed within this district, pursuant to 9 U.S.C. Sec. 4.

The variance between the two arbitration provisions is an "ancillary logistical concern" which is not integral to the underlying agreement, and does not preclude arbitration. Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1222 (11th Cir. 2000); Linea Naviera De Cabotaje, C.A. v. Mar Caribe De Navegacion, C.A., 169 F.Supp.2d 1341 (M.D. Fla. 2001). Consolidation is an issue to be resolved by the arbitrator. Greentree Financial v.

Case No. 8:08-CV-2391-T-17MAP

Bazzle, 539 U.S. 444 (2003).

The Court concludes that the parties agreed to arbitrate, and **denies** Defendant's Motion for an Order Directing Arbitration.

IV.  Dkt. 24 Motion to Compel Arbitration
     Dkt. 26 Combined Memorandum in Opposition


Based on the above discussion, the Court grants Plaintiff's Motion to Compel Arbitration.

Defendant Keytrade argues that what is at issue in this case is a substantive dispute as to whether Defendant Keytrade can be forced to arbitrate with Plaintiff and a third party.  Defendant Keytrade further argues that Defendant Keytrade and Plaintiff Ben-Trei never had an agreement to arbitrate in Tampa under the rules of the American Arbitration Association.

Defendant Keytrade does not deny that Defendant Keytrade agreed to arbitrate any disputes with Plaintiff Ben-Trei.  The difference between the parties' respective contracts involves the place of arbitration, the rules controlling arbitration, and the means of selection of the arbitrators.  The Court applies contract principles in construing the arbitration clauses.  Because the parties made mutually exclusive choices as to forum, the parties' agreement to arbitrate is ambiguous.  The Court therefore concludes that under 9 U.S.C. Sec. 4, it is appropriate to compel arbitration in this district.  The Court notes that Defendant's principal place of business is in Tampa.  The Court is not aware of any basis to find that Tulsa, Oklahoma rather than Tampa, Florida is an integral part of the parties' agreement

9

Case No. 8:08-CV-2391-T-17MAP

to arbitrate. Accordingly, it is

**ORDERED** that Defendant Keytrade's Motion for an Order Directing Arbitration is **denied**, Plaintiff's Motion to Compel Arbitration before the AAA in Tampa, Florida is **granted**, and Defendant's arbitration proceeding before the SMA in New York is **stayed**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 18th day of August, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record